Tatxor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The estate claimed in this case descended to Thomas Pritchard, junior, from his mother Mary, and from him to his niece of the whole blood, Elizabeth P. Clary, under whom the Defendant claims. The Plaintiff claims in right of his wife, wiio is sister of the half blood to Thomas Pritchard, junior, on the paternal side. Had the question arisen between the Plaintiff and Elizabeth, tlie wife of Clary, it would then have presented the same point with
 
 Pipkin and Coor,
 
 (1
 
 Law Rep.
 
 103,) which was a controversy between the brothers and sisters of the whole blood on the part of the acquiring ancestor, on the one side, and the half blood on the other : but it depends on the very same principles, and is governed by .the two provisos to the third clause of the act of 1784 ; the first, giving a preference, where,intestate dies without issue, to the brothers and sisters of the half blood, on the side of the acquiring ancestor, in exclusion of the brothers and sisters of the half blood on the other side. The act, by preferring one set of half blood to the other, must necessarily prefer the whole blood of the ancestor from whom the estate descended, to the half blood of the one from whom it did not descend. This construction is unavoidable, otherwise we must suppose that the Legislature meant to put the half blood in a better situation than the whole blood. The other proviso to the clause gives the same right to the issue of a brother or
 
 *425
 
 sister of the intestate, dying in the lifetime of the intestate, which their ancestor would have had, if he had lived. Therefore, as Elizabeth Clary died in the lifetime of Thomas Pritchard, junior, Elizabeth P. Clary stands in the place of her mother and represents her, and is entitled to the land, in exclusion of her aunt of the half blood on the paternal side. The motion for a "new trial must be overruled, and a judgment entered up for •the Defendant.